UNITED STATES of America, Appellee,

v.

Vincent DiNAPOLI, Defendant-Appellant.

No. 1195, Docket 87–1177.

United States Court of Appeals, Second Circuit.

Argued April 20, 1987.

Decided April 29, 1987.

Barbara L. Hartung, New York City (Gustave H. Newman, P.C., New York City, of counsel), for defendant-appellant.

Mark R. Hellerer, Asst. U.S. Atty., S.D. N.Y., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Alan M. Cohen, Daniel C. Richman, Aaron R. Marcu, Asst. U.S. Attys., S.D.N.Y., New York City, of counsel), for appellee.

Before LUMBARD, MESKILL and MAHONEY, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Southern District of New York, Lowe, J., denying Vincent DiNapoli's motion to dismiss his March 21, 1986, indictment for bid rigging on Manhattan concrete contracts in violation of 18 U.S.C. §§ 1961 *et seq.* (1982). DiNapoli claimed that the indictment violated a 1982 plea bargain agreement pursuant to which, in exchange for his guilty plea to racketeering charges, he would not be prosecuted further on any future charges relating to a so-called "Club" composed of labor union officials allegedly engaged in illegal bids and payoffs. DiNapoli argued to Judge Lowe that the current charges arose out of the 1982 drywall investigation conducted by the United States Attorney's Office for the Eastern District of New York and were, therefore, barred by the 1982 plea bargain agreement. Judge Lowe concluded that DiNapoli's claims were frivolous, denied his motion to dismiss the indictment and denied his motion for a stay pending appeal. This appeal followed.

We must first decide if we have before us an appealable order. In *United States v. Abbamonte*, 759 F.2d 1065, 1071 (2d Cir.1985), we held that "an order denying a colorable claim to dismiss an indictment for violation of a prior plea agreement remains appealable in this Circuit." *Id.* We thereby recognized an exception to the rule that an interlocutory order is not appealable because it lacks finality. *See* 28 U.S.C. § 1291 (1982). *Abbamonte* extends appellate jurisdiction to a small class of interlocutory orders that raise "colorable" claims for the dismissal of an indictment based on a prior plea bargain agreement.

The district court heard evidence that the 1982 plea bargain agreement covered only charges resulting from investigations conducted by the United States Attorney's Office for the Eastern District of New York or investigations over which the Eastern District assumed jurisdiction. Testimony of an Eastern District prosecutor established to the court's satisfaction that the Southern District concrete investigation that prompted the March 21, 1986, indictment was independent of the Eastern District drywall investigation. App. of Appellant at 244–46, 262. Eastern District prosecutors were not even aware of the Southern District investigation at the time the 1982 plea bargain agreement was negotiated. *Id.* at 246. Given this explicit testimony, it is clear to us, as it was to Judge Lowe, that the Southern District investigation was neither conducted nor authorized by the Eastern District and, consequently, was not barred by the 1982 plea bargain agreement. DiNapoli's argument to the contrary is clearly frivolous and fails to satisfy the colorable claim requirement under *Abbamonte*. Therefore, Judge Lowe's order is not appealable and the appeal is dismissed for lack of jurisdiction.