UNITED STATES of America

v.

Giuseppe GAMBINO, et al., Defendants.

No. 7 "S" 88 Cr. 919 (PKL).

United States District Court,
S.D. New York.

Aug. 22, 1990.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. New York City (Andrew C. McCarthy, Frances M. Fragos, of counsel), for U.S.

Martin G. Fogelson, New York City for defendant Emanuele Adamita.

### ORDER & OPINION

LEISURE, District Judge:

Defendant Emanuele Adamita ("Adamita") has been indicted for conspiracy to import narcotics into the United States in violation of 21 U.S.C. § 963, for conspiracy to distribute or to possess with intent to distribute narcotics in violation of 21 U.S.C. § 846, and for participation in a racketeering conspiracy in violation of the RICO statute, 18 U.S.C. § 1962(d). Adamita has filed a motion to dismiss the indictment against him pursuant to the double jeopardy clause of the fifth amendment to the U.S. Constitution. More specifically, Adamita argues that the recent decision of the U.S. Supreme Court in *Grady v. Corbin*, —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), mandates dismissal of the charges against him contained in the pending indictment.

12. I express no view as to the Rule 9(b) issues raised in defendant's motion.

## BACKGROUND

On January 25, 1990, the Court denied Adamita's motion to dismiss the indictment against him pursuant to the double jeopardy clause. *See United States v. Gambino,* 729 F.Supp. 954, 968–69 (S.D.N.Y.1990). On May 29, 1990, the U.S. Supreme Court issued its opinion in *Grady v. Corbin, supra,* 110 S.Ct. 2084, which appears to expand the protection afforded criminal defendants by the double jeopardy clause. On July 9, 1990, Adamita renewed his motion to dismiss the indictment pursuant to the double jeopardy clause. The prior order and opinion of the Court recited the full background of the case, including the charges contained in the indictment, and Adamita's prior involvement in criminal activity. Only those facts relevant to the pending motion will be recounted herein.

On November 25, 1988, Adamita pled guilty to one count of conspiracy and three counts of substantive distributions of narcotics before Judge Sprizzo in *United States v. Adamita,* 701 F.Supp. 85. (S.D. N.Y.1988). Judge Sprizzo stated at the time of the pleas that Adamita would be allowed to withdraw his guilty pleas to three of the counts—the conspiracy count and two of the distribution counts—if the U.S. Supreme Court upheld the constitutionality of the Federal Sentencing Guidelines (the "Guidelines") which Judge Sprizzo had previously found unconstitutional. Adamita would not be allowed to withdraw his guilty plea to the final substantive count—a distribution of heroin by Adamita taking place on August 11, 1987 (the "August 11, 1987 distribution")—as it was a pre-Guidelines offense. After the Supreme Court upheld the Guidelines in *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), Adamita withdrew his guilty pleas to the three Guidelines charges. Thus, the only criminal charge against Adamita which may have preclu-

sive effects under the double jeopardy clause is the August 11, 1987 distribution to which he pled guilty before Judge Sprizzo.[1]

The pending indictment charges Adamita with conspiracy to import narcotics into the United States, conspiracy to distribute or to possess with intent to distribute narcotics, and participation in a RICO enterprise. *See United States v. Gambino, supra,* 729 F.Supp. at 956–57. The August 11, 1987 distribution is incorporated as overt act 64 in both conspiracy counts, and as a part of predicate act 18 in the RICO count. As counsel for Adamita had not identified the August 11, 1987 distribution as being part of the pending indictment in his previous motion to dismiss pursuant to the double jeopardy clause, the Court will now consider any and all preclusive effects of this offense. *See United States v. Gambino, supra,* 729 F.Supp. at 968.

## DISCUSSION

### A. The Conspiracy Counts

■ Neither *Grady v. Corbin,* nor any other case, holds that an individual who has pled guilty to a substantive offense cannot later be tried for conspiracy to commit the substantive offense. Such a holding would be at odds with the nature of the crime of conspiracy. It is clear that "the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective...." *United States v. Labat,* 905 F.2d 18, 21 (2d Cir.1990) *(citing United States v. Abel,* 258 F.2d 485, 489 (2d Cir.1958), *aff'd on other grounds,* 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960)); *see also Iannelli v. United States,* 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1975) ("Traditionally the law has considered conspiracy and the completed substantive offense to be separate

---

**1.** As discussed in the prior order and opinion of the Court, Adamita's 1980 indictment in the Eastern District of New York for drug trafficking, his 1980 conviction in Italy for drug trafficking, and the three counts on which he withdrew guilty pleas before Judge Sprizzo have no preclusive effects under the double jeopardy clause. *See United States v. Gambino, supra,*

729 F.Supp. at 968–69 *(citing Richardson v. United States,* 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984) ("[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as acquittal, which terminates the original jeopardy." (citations omitted))).

crimes."). Under pre-*Grady* analysis, the August 11, 1987 distribution would have no double jeopardy effects on Adamita's current indictment for participation in two narcotics conspiracies. *See United States v. Nersesian*, 824 F.2d 1294, 1319–20 (2d Cir.), *cert. denied*, 484 U.S. 958, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987); *United States v. Slocum*, 695 F.2d 650, 656 (2d Cir.1982), *cert. denied*, 460 U.S. 1015, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983).

In *Grady v. Corbin, supra*, 110 S.Ct. 2084, the Supreme Court held that the double jeopardy clause barred a prosecution for homicide after the defendant had previously pled guilty to two traffic offenses stemming from a single incident of drunk and reckless driving. In reaching its holding, the Court rejected the contention that the test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)—which provides that cumulative penalties, and thus successive prosecutions, should not be barred if each offense charged requires proof of an element which the other does not—constituted the full extent of double jeopardy protection. *Grady, supra*, 110 S.Ct. at 2090–92. Rather, the Court held that "a subsequent prosecution must do more than merely survive the *Blockburger* test. As we suggested in [*Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)], the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prose-

cuted." *Id.* 110 S.Ct. at 2093. The Court rested its holding on *dicta* contained in its prior decisions in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and *Illinois v. Vitale, supra*, 447 U.S. 410, 100 S.Ct. 2260.[2] Thus, the defendant's guilty pleas to traffic tickets for driving while intoxicated and failing to keep to the right of the painted median barred his subsequent prosecution for homicide, as the government had admitted, in a bill of particulars, that it would rely on the same conduct in its homicide case to which the defendant had previously pled guilty. *See Grady, supra*, 110 S.Ct. at 2094.

The "same conduct" test of *Grady v. Corbin* does not support Adamita's renewed arguments to dismiss the conspiracy charges against him under the double jeopardy clause. In fact, the holding of *Grady v. Corbin* does not appreciably change the law in the context of a narcotics conspiracy prosecution of an individual previously convicted of a substantive narcotics offense. As stated above, the conspiracy charges now pending against Adamita involve illegal agreements amongst Adamita and his co-conspirators to traffic in narcotics. The charges do not involve, or rely on, Adamita's August 11, 1987 distribution of heroin, or any other conduct constituting a substantive narcotics offense. Adamita's motion to dismiss the conspiracy charges currently pending against him under the double jeopardy clause is denied.

### B. The RICO Count

■ Adamita argues that the RICO count of the pending indictment should be

2. In *Brown v. Ohio, supra*, 432 U.S. 161, 97 S.Ct. 2221, the Supreme Court noted that "[t]he *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." *Id.* at 166–67 n. 6, 97 S.Ct. at 2226 n. 6.

In *Illinois v. Vitale, supra*, 447 U.S. 410, 100 S.Ct. 2260, the defendant was convicted for failing to reduce the speed of his automobile to avoid an accident. The day after the conviction,

the state charged the defendant with homicide stemming from the same incident. The Supreme Court applied the *Blockburger* test and rejected the defendant's double jeopardy arguments. However, Justice White, writing for the Court, cautioned that "it may be that to sustain its manslaughter case the state may find it necessary to prove a failure to slow or to rely on conduct necessarily involving such failure; it may concede as much prior to trial. In that case, because [the defendant] has already been convicted for conduct that is a necessary element of the more serious crime for which he has been charged, his claim of double jeopardy would be substantial under *Brown v. Ohio....*" *Id.* at 420, 100 S.Ct. at 2267.

dismissed as against him, as he has pled guilty to a substantive narcotics offense which is charged as a predicate act of the RICO count. Adamita argues that since proof of at least two predicate acts is required for a conviction under RICO, his guilty plea to the substantive distribution charge is a lesser-included offense of the pending RICO charge, mandating dismissal of the RICO charge. Adamita claims that the holding of *Grady v. Corbin* clearly prevents the government from trying him for the same conduct to which he has already entered a guilty plea, when such conduct constitutes an essential element of the RICO offense charged.

In *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), the Supreme Court held that the defendant's prosecution for engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848, was not barred on double jeopardy grounds by his prior conviction for importation of marihuana, even though the government charged the substantive marihuana offense as a predicate act of the CCE. The CCE statute requires that the government prove that the defendant committed at least one narcotics-related felony which was "a part of a continuing series of violations...." 21 U.S.C. § 848(b)(1), (2). The Court declined to transpose "the 'lesser included offense' principles of double jeopardy from the classically simple situation presented in [*Brown v. Ohio*] to the multilayered conduct, both as to time and to place, involved in this case." *Garrett, supra,* 471 U.S. at 789, 105 S.Ct. at 2416.[3]

• In reaching its conclusion, the *Garrett* Court held that the first step in any double jeopardy inquiry is to determine whether the legislature intended that each violation be a separate offense, and therefore that the government should be permitted to engage in successive prosecutions and ask for cumulative punishments. *Id.* at 778, 105 S.Ct. at 2411. In this vein, the *Blockburger* test, which would have resolved the case in the defendant's favor if strictly and exclusively applied, was developed "as a rule of statutory construction to help determine legislative intent ... [but not] as a conclusive determinant of legislative intent...." *Id.* at 778–79, 105 S.Ct. at 2411. The Court then parsed the legislative history and stated purposes of the CCE statute to determine if Congress intended that it be treated as a separate offense from its substantive predicates. The Court found that "Congress was seeking to add a new enforcement tool to the substantive drug offenses already available to prosecutors" in order to combat further "big-time drug dealers" who occupied supervisory or managerial roles in narcotics organizations. *Id.* at 784–85, 105 S.Ct. at 2414–15. Thus, the Court held that the defendant in the case at bar could be prosecuted under the CCE statute even though he had previously pled guilty to a substantive offense which was charged as a predicate act of the CCE.

Practical concerns, in the context of both the RICO and the CCE statutes, bolster the analysis of the *Garrett* Court. In the case at bar, the government argues that "it is indeed the rare case in which the compound offense [RICO or CCE] and all its predicates can be pursued in a single prosecution. Often, single predicates will be committed by the defendant and become prosecutable by the government long before a CCE or RICO offense has been completed." Government's Memorandum of Law, at 14. The Supreme Court in *Grady* recognized this argument as an exception to the rule of *Brown v. Ohio* prohibiting subsequent prosecutions for "greater" offenses. *See Grady v. Corbin, supra,* 110 S.Ct. at 2090 n. 7 (*quoting Brown v. Ohio, supra,* 432 U.S. at 169 n. 7, 97 S.Ct. at 2227 n. 7) (" 'An exception may exist where the State is unable to proceed on a more serious charge

---

**3.** In *Brown v. Ohio, supra,* 432 U.S. 161, 97 S.Ct. 2221, the Court held that the government was barred from prosecuting the defendant for felony auto theft after the defendant had initially been charged with and pled guilty to the misdemeanor of joyriding, where both charges arose from the same incident. Applying the *Blockbur-* *ger* test, the Court ruled that "the lesser offense—joyriding—requires no proof beyond that which is required for conviction of the greater—auto theft. The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." *Id.* at 168, 97 S.Ct. at 2226.

at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence.' ")); *see also Jeffers v. United States,* 432 U.S. 137, 151–52, 97 S.Ct. 2207, 2216–17, 53 L.Ed.2d 168 (1977).

In a recent opinion, the Third Circuit held that the rule of *Grady v. Corbin* did not bar a RICO prosecution which charged as a predicate act a substantive narcotics offense for which the defendant had previously been convicted. *United States v. Pungitore,* 910 F.2d 1084 (3rd Cir.1990). The court reasoned that the case before it was more analogous to *Garrett v. United States* than *Grady v. Corbin,* and stated that "[t]he double jeopardy analysis in *Brown* and *Grady,* its most recent progeny, cannot easily be transposed to the RICO context because by definition, a 'pattern of racketeering' under RICO is made up of 'a series of temporal or spatial units.' " *United States v. Pungitore, supra,* 910 F.2d 1084, 1110 (*quoting Brown v. Ohio, supra,* 432 U.S. at 169, 97 S.Ct. at 2227). The court admitted that the language in *Grady v. Corbin* establishing a "same conduct" test could be interpreted broadly to block any subsequent prosecution where the government intended to prove or to rely on conduct for which the defendant had previously been prosecuted. *Id.,* 910 F.2d 1109–1110, 1111. But the court restricted the holding of *Grady* to " 'single transaction' cases such as *Brown,*" and stated that "[h]owever significant *Grady v. Corbin* may prove to be in cases of simple felonies, we are confident that it has nothing whatsoever to do with the compound-complex crimes at issue here." *Id.* at 1111.

In another recent opinion, the Third Circuit held that *Grady v. Corbin* did not bar a prosecution for a substantive offense which had previously been used by the government as a predicate offense in an unsuccessful RICO prosecution. *United States v. Esposito,* 912 F.2d 60 (3rd Cir. 1990). Although the sequence of prosecutions in *Esposito* is the reverse of the sequence in the case at bar, the analysis of the court is helpful. First, the court followed *Garrett v. United States* in holding that the *Blockburger* test is merely one method of determining whether the legislature intended the statutory offenses to be distinct, and not the ultimate touchstone of double jeopardy analysis. The court held that Congress clearly intended RICO to be a separate offense from its substantive predicates. *United States v. Esposito, supra,* 912 F.2d 60 (*citing United States v. Grayson,* 795 F.2d 278 (3d Cir.1986), *cert. denied,* 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 505 (1987); *United States v. Boldin,* 772 F.2d 719, 728–30 (11th Cir.1985), *cert. denied,* 475 U.S. 1048, 106 S.Ct. 1269, 89 L.Ed.2d 577 (1986); *United States v. Persico,* 774 F.2d 30, 32 (2d Cir.1985)).

Second, the Third Circuit held in *United States v. Esposito* that even if the "same conduct" test of *Grady v. Corbin* was applicable in the context of compound offenses such as RICO, the government should be permitted to undertake the subsequent prosecution. Participating in a racketeering enterprise, the court reasoned, is not the "same conduct" as committing a substantive narcotics offense, even though the substantive offense may be proved in the RICO prosecution. The court emphasized that the "same conduct" test is not the equivalent of a "same evidence" test, and that the Supreme Court had stated as much in *Grady.* *United States v. Esposito, supra,* 912 F.2d 60 (*citing Grady v. Corbin, supra,* 110 S.Ct. at 2093 ("[The 'same conduct' test] is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." (footnote omitted))). Thus, under *Grady,* prosecutions for RICO and for its substantive predicates are distinct for double jeopardy purposes.

Although the recent interpretations of *Grady v. Corbin* put forward by the Third Circuit are not binding authority on this Court, it appears that these interpretations are well-reasoned and based on a consideration of the entire body of Supreme Court double jeopardy jurisprudence. In accordance with the Third Circuit and with the arguments of the government in the pending motion, this Court believes the analysis

**860**

of *Garrett v. United States* to be more analogous to the double jeopardy implications of RICO prosecutions than *Grady v. Corbin.* Based on the reasoning of *Garrett,* Adamita's motion to dismiss the RICO count against him must fail. The RICO statute, like the CCE statute, should be considered distinct for double jeopardy purposes from its predicate offenses. Congress, in passing the RICO statute, intended to create a wholly separate offense to bolster the ability of prosecutors to combat large-scale criminal organizations. Separate prosecutions with the potential for consecutive penalties were clearly envisioned.

More specifically with regard to the case at bar, the government contends that at the time of Adamita's indictment for the substantive offense to which he eventually pled guilty, there was not even "a colorable claim that at the time ... he was also completing all of the elements of a racketeering conspiracy violation which should, necessarily, have been brought in the same prosecution." Government's Memorandum of Law, at 14. *See Grady v. Corbin, supra,* 110 S.Ct. at 2090 n. 7. Without definitively stating that the "same conduct" test of *Grady v. Corbin* is applicable in the context of RICO, the Court must hold that the conduct for which Adamita is currently being prosecuted—participation in a vast criminal enterprise which has allegedly engaged in numerous and diverse criminal activities over a fifteen-year period—is not the same conduct to which he has previously pled guilty, to wit, a single distribution of heroin. Adamita's motion to dismiss the RICO charge currently pending against him under the double jeopardy clause is denied.

### CONCLUSION

Defendant Emanuele Adamita's motion to dismiss the indictment against him pursuant to the double jeopardy clause is denied.

SO ORDERED