**UNITED STATES of America**

v.

**Ronald Bruce CROSBY, Defendant.**

**Crim. No. 91–0559–08 (GHR).**

United States District Court,
District of Columbia.

April 16, 1992.

Russell D. Duncan, Odessa F. Vincent, Jeffrey R. Ragsdale, Asst. U.S. Attys., Washington, D.C., for U.S.

Bernard Grimm, Washington, D.C., for defendant McKinley L. Board.

Daniel Ellenbogen, Washington, D.C., for defendant Alba D. Restrepo.

Gregory B. English, Alexandria, Va., for defendant Darryl D. Williams.

Ralph Martin, Washington, D.C., for defendant Bernard Williams.

James Maloney, Washington, D.C., for defendant Gregory M. Thomas.

Leonard Birdsong, Washington, D.C., for defendant Kevin Williams–Davis.

Kenneth M. Robinson, Jr., Washington, D.C., for defendant Anthony T. Nugent.

Vincent Jankowski, Washington, D.C., for defendant Jaime L. Bynoe.

Thomas Farquhar, Washington, D.C., for defendant Guillermo Bynoe.

Howard Katzoff, Washington, D.C., for defendant Neal S. Hilliard.

Diane Lepley, Washington, D.C., for defendant Harry J. Coleman.

Jensen Barber, Washington, D.C., for defendant Ronald B. Crosby.

Paul E. Kay, Washington, D.C., for defendant Donnell O. Williams.

Lloyd Elston, Washington, D.C., for defendant Margaret R. Williams.

Michael McCarthy, Bowie, Md., for defendant Fred D. Smith.

Douglas Wood, Riverdale, Md., for defendant Donald R. Taylor.

John Briley, Jr., Washington, D.C., for defendant Michelle D. Smith.

Shawn Moore, Roberts & Moore, Washington, D.C., for defendant Tony F. Standard.

Jonathan Zucker, Washington, D.C., for defendant Jeffrey W. Williams.

Joseph Virgilio, Washington, D.C., for defendant Timothy J. Jackson.

Robert E. Morin, Washington, D.C., for defendant Andre P. Williams.

Dennis Hart, Washington, D.C., for defendant Derrin A. Perkins.

Frederick Jones, Oxen Hill, Md., for defendant Steve V. Williams.

William J. Garber, Washington, D.C., for defendant Joyce W. Boyd.

## ORDER

REVERCOMB, District Judge.

On December 16, 1991, defendant Ronald Bruce Crosby filed a motion with this Court, styled an Omnibus Motion to Dismiss Counts One, Two and Three of the Indictment and Racketeering Acts 1, 2, 25 and 26 (the "Omnibus Motion"), seeking an order dismissing the counts in which he is alleged to have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* and to have engaged in a conspiracy to violate the narcotics laws of the United States in violation of 21 U.S.C. § 846. As grounds for dismissal, Mr. Crosby asserted that the RICO statute, specifically 18 U.S.C. § 1962, is unconstitutionally vague, that the indictment fails to allege conduct by Mr. Crosby constituting a pattern of racketeering activity under § 1962(c), that the indictment is insufficient, that racketeering acts two, twenty-five, and twenty-six breach prior plea agreements and cannot be reprosecuted under the double jeopardy clause of the Fifth Amendment, and that the conduct alleged in racketeering act two fails to

constitute a predicate act under 18 U.S.C. § 1961. The government opposed this motion, Mr. Crosby filed additional memoranda, and both parties were heard in oral argument. On February 5, 1992, the Court denied Mr. Crosby's Omnibus Motion from the bench, briefly stating at the time its reasons for doing so. This Order and Opinion reduces that ruling to writing and expands upon the reasons given then. The Court also addresses herein Mr. Crosby's subsequently filed Motion to Stay Proceedings or, in the Alternative, to Sever Defendant Crosby from the Trial of Group I, which the Court from the bench granted in part, over the government's opposition, and denied in part, on February 12, 1992.

Defendant is charged, along with twenty-three co-defendants, with membership in an extensive narcotics conspiracy known as the "R Street Organization," which allegedly operated in the District of Columbia from 1983 to 1991. The 115–count superseding indictment in this case names Mr. Crosby in counts one, two, and three, which allege, respectively, substantive RICO (18 U.S.C. § 1962(c)), RICO conspiracy (18 U.S.C. § 1962(d)), and narcotics conspiracy (21 U.S.C. § 846) violations. With regard to the RICO counts, defendant is named in four of seventy-six predicate racketeering acts: racketeering act one, which realleges the narcotics conspiracy alleged in count three; racketeering act two, which charges Mr. Crosby with possession with intent to distribute marijuana on or about November 2, 1983; racketeering act twenty-five, charging him with distribution of phencyclidine (PCP) on or about July 24, 1988; and racketeering act twenty-six, charging him with possession with intent to distribute PCP on or about July 25, 1988. Although all twenty-four defendants, including Mr. Crosby, were named in a single indictment, the Court severed this case into four separate trials by Order dated December 13, 1991. The Court placed Mr. Crosby in the first group of defendants, scheduled to go to trial on February 18, 1992.

## I.

■ Several of defendant's challenges can be addressed briefly. First, the Court is satisfied that the RICO statute is not unconstitutional, despite Justice Scalia's statement that the "pattern" element in 18 U.S.C. § 1962(c) may not withstand a void for vagueness challenge. *See H.J., Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 251–56, 109 S.Ct. 2893, 2906–09, 106 L.Ed.2d 195 (1989) (Scalia, J., concurring). The Court declines Mr. Crosby's invitation to follow Justice Scalia's concurring opinion (in which the Chief Justice, and Justices O'Connor and Kennedy joined), and reject "the flood of cases" from the circuit courts which have found the RICO statute to pass constitutional muster. *United States v. Glecier,* 923 F.2d 496, 497 n. 1 (7th Cir.1991); *see also, United States v. Pungitore,* 910 F.2d 1084, 1103–05 (3d Cir.1990) (holding that RICO is not void for vagueness, notwithstanding Justice Scalia's remarks in *H.J., Inc.*), *cert. denied,* —— U.S. ——, 111 S.Ct. 2010, 114 L.Ed.2d 98 (1991); *United States v. Tripp,* 782 F.2d 38, 42 (6th Cir.) (collecting cases), *cert. denied,* 475 U.S. 1128, 106 S.Ct. 1656, 90 L.Ed.2d 199 (1986).

■ Second, the Court disagrees that the indictment fails to allege conduct by Mr. Crosby that constitutes a pattern of racketeering activity as defined in § 1961(5) of the RICO statute. The Supreme Court has construed the "pattern of racketeering activity" element to require *at least* two racketeering acts *plus* some showing that the acts are related and "that they amount to or pose a threat of continued criminal activity." *H.J., Inc.,* 492 U.S. at 239, 109 S.Ct. at 2900. In the case at bar, the Court is satisfied that this showing of *"continuity plus relationship," id.,* is sufficiently *alleged* in racketeering act one, in which all twenty-four defendants, including Mr. Crosby, are said to have participated in an illegal narcotics conspiracy which lasted from approximately May, 1983, to March 26, 1991. Beyond this allegation, the Court will allow the government the opportunity to prove the pattern element at trial, rather than prejudging it on the pleadings.

■ Third, defendant's contention that the indictment is insufficient under Fed.

R.Crim.P. 7(c)(1) must also fail. It is well-settled in this circuit that an indictment in the language of the statute is sufficient if its counts recite the elements of each crime with which the defendant is charged. *See United States v. Haldeman*, 559 F.2d 31, 123–25 (D.C.Cir.1976), *cert. denied*, 431 U.S. 935, 97 S.Ct. 2646, 53 L.Ed.2d 253 (1977) (citing and discussing *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907–08, 41 L.Ed.2d 590 (1974)). Counts 1 and 2 (in conjunction with racketeering acts 1, 2, 25, and 26), and count 3 each charge Mr. Crosby with all the elements of the racketeering and conspiracy crimes that the government alleges he committed. Because an indictment is a charging instrument rather than a discovery device, *see id.* at 123–24, it is not required to do more.

■ Fourth, defendant contends that the inclusion in counts one and two of racketeering acts that had been part of two prior prosecutions to which he pled guilty violates prior plea agreements. As a preliminary matter, the Court has not received from defendant copies of the respective plea colloquies, so it cannot say precisely what the government agreed to as part of the plea agreements. Nevertheless, the Court will accept the following statement in defendant's memorandum in support of his motion as true:

> The government promised to dismiss certain charges if Mr. Crosby pleaded guilty to a misdemeanor charge of possession of marijuana in 1984 and pleaded guilty to a firearms charge in 1988. Relying on the government's promises, Mr. Crosby fully performed under both agreements. Now the government is charging Mr. Crosby for acts which were dismissed as part of those plea bargains.

Def.'s Mem. at 15. In the case at bar, the government is not charging Mr. Crosby in counts one and two with the offenses that were subject to the 1984 and 1988 plea agreements. Rather, the government is charging Mr. Crosby with substantive RICO and RICO conspiracy offenses, which are in their very nature considerably different from the charges for which he had previously been prosecuted. Accepting Mr. Crosby's characterization of the government's promise as true, the government's promise to dismiss those *charges* did not preclude it from using evidence of defendant's prior criminal *acts* in a subsequent prosecution for conducting or participating "in the conduct of [the] enterprise's affairs through a pattern of racketeering activity," 18 U.S.C. § 1962(c), of which those acts were part. *See United States v. Persico*, 774 F.2d 30, 32–33 (2d Cir.1985).

■ Fifth, the Court also rejects defendant's contention that possession with intent to distribute, or the distribution of, marijuana cannot constitute a racketeering act: section 1961(1)(D) plainly indicates that it can.

## II.

■ Defendant's double jeopardy argument is another matter, and is not rejected so easily. Racketeering Acts 25 and 26 reassert conduct which formed the basis of charges that were dismissed as part of a 1988 plea agreement accepted in this district court before Judge Flannery. Defendant now argues that, under the test recently announced by Supreme Court in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), double jeopardy bars the government from realleging as racketeering acts the conduct underlying the dismissed charges in a subsequent prosecution in the present indictment. *See id.* at 521–22, 110 S.Ct. at 2093–94. Under the *Grady* test, double jeopardy bars a prosecution in which the government, "to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 521, 110 S.Ct. at 2093. Whether *Grady* would bar a RICO prosecution on facts such as those presented in Mr. Crosby's case is a question of first impression in this circuit.

The government, for its part, argues that the *Grady* test pertains only to single in-

stances of criminal conduct,[1] and simply does not apply in prosecutions under complex, multilevel statutes such as RICO. In making this argument, the government relies heavily on a pre-*Grady* Supreme Court opinion, *Garrett v. U.S.*,[2] which *Grady* did not explicitly overrule, and on the opinion in *U.S. v. Pungitore*, in which a panel of the Court of Appeals for the Third Circuit expressly found *Grady* not to apply to successive prosecution under RICO.[3] In *Garrett*, the Supreme Court rejected a double jeopardy claim based on the use of a prior drug conviction in federal court as a predicate offense in a later prosecution for engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848. *See* 471 U.S. at 790, 105 S.Ct. at 2417. The Supreme Court expressed "serious doubts as to whether the offense to which Garrett pleaded guilty in Washington was a 'lesser included offense' within the CCE charge so that the prosecution of the former would bar a prosecution for the latter." *Id.* Dismissing "out of hand the possibility that *Grady* overruled *Garrett*," the Third Circuit determined that *Garrett* applies to double jeopardy issues arising in the RICO or CCE context, and *Grady* to double jeopardy issues involving "single act" cases. 910 F.2d at 1111 & n. 29. Other courts of appeals have agreed with this analysis. *See, e.g., United States v. O'Connor*, 953 F.2d 338, 340–42 (7th Cir.1992); *United States v. Arnoldt*, 947 F.2d 1120, 1124–27 (4th Cir.1991).

Nevertheless, there have been expressions to the contrary about the scope of *Grady*, enough at any rate for this Court to have found the matter not free from doubt at the time it ruled orally on Mr. Crosby's motion. The Tenth Circuit, for example, has squarely rejected *Pungitore*'s bifurcation of double jeopardy cases, reasoning instead from the breadth of *Grady*'s language that it applies to all double

jeopardy claims. *See United States v. Felix*, 926 F.2d 1522, 1527 & n. 5 (10th Cir. 1991), *reversed on other grounds,* —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). Judge Newman in the Second Circuit has questioned whether *Pungitore* rests on an accurate reading of the scope of the *Grady* test. *See United States v. Calderone*, 917 F.2d 717, 723 (2d Cir.1990) (Newman, J., concurring).

To paraphrase the most recent expression of the Supreme Court on the scope of *Grady*, "[t]aken out of context, and read literally," *Grady*'s same-conduct language, quoted above, supports Mr. Crosby's defense of double jeopardy. *United States v. Felix,* —— U.S. at ——, 112 S.Ct. at 1383 (discussing *Grady*, 495 U.S. at 521, 110 S.Ct. at 2093). This Court believes, however, that the Third Circuit's analysis in *Pungitore* is correct: *Grady* did not overrule *Garrett*, and should not be "transposed to the RICO context because by definition, a 'pattern of racketeering' under RICO is made up of 'a series of temporal or spatial units.'" *Pungitore*, 910 F.2d at 1110 (quoting *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977)). Other district courts, on facts similar to those presented in Mr. Crosby's case, have found the Third Circuit's analysis persuasive. *See, e.g., United States v. Gambino*, 742 F.Supp. 855, 857–60 (S.D.N.Y.), *aff'd*, 923 F.2d 846 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2810, 115 L.Ed.2d 982 (1991). Moreover, since this Court's February 5 ruling, the Supreme Court has limited the scope of *Grady*, reiterating in the process (albeit in *dicta*) *Garrett*'s caution against "'ready transposition of the "lesser included offense" principles of double jeopardy from the classically simple situation presented in *Brown [v. Ohio]* to the multilayered conduct, both as to time and to place, involved

---

1. The Supreme Court held in *Grady* that double jeopardy barred the prosecution for homicide and assault of a defendant who had, two months before, pled guilty to drunken driving and failure to keep right of the median, all arising from a single automobile collision. *See*

495 U.S. at 511–14, 520, 110 S.Ct. at 2087–89, 2092–93.

2. 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

3. *See Pungitore*, 910 F.2d at 1109.

in [continuing criminal enterprise (CCE) prosecutions].'" *Felix*, — U.S. at —, 112 S.Ct. at 1385, (quoting *Garrett*, 471 U.S. at 789, 105 S.Ct. at 2416). These cautionary words apply no less to RICO prosecutions. Accordingly, the Court reiterates its DENIAL of defendant's double jeopardy challenge.

Although this Court denied Mr. Crosby's double jeopardy challenge in its February 5 ruling, the Court was unable to say that the motion to dismiss on those grounds was frivolous, because the issue it presented was and is unsettled in this circuit. On February 7, 1992, Mr. Crosby noted his interlocutory appeal of this Court's ruling on the double jeopardy aspect of his Omnibus Motion, as he was thus entitled to do. *See Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Mr. Crosby then moved to sever his case from that of his co-defendants scheduled to commence trial on February 18, 1992, or in the alternative to stay the trial while he proceeded with his appeal. Because of serious speedy trial concerns affecting some of those co-defendants, the Court declined to stay the trial, and chose instead, over the government's objection, to sever Mr. Crosby's case.

Accordingly, defendant's Omnibus Motion to Dismiss Counts One, Two and Three of the Indictment and Racketeering Acts 1, 2, 25 and 26 is DENIED, and his Motion to Stay Proceedings or, in the Alternative, to Sever Defendant Crosby from the Trial of Group I is GRANTED in part and DENIED in part.

SO ORDERED.