**UNITED STATES of America, Appellee,**

v.

**Sami ANNABI and Nedam Annabi,
Defendants-Appellants.**

**No. 85–1289.**

United States Court of Appeals,
Second Circuit.

Heard Aug. 15, 1985.

Decided Sept. 6, 1985.

Ivan S. Fisher, New York City (Fisher & Ely, New York City, on brief), for defendants-appellants.

Richard Stanley, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Stuart E. Abrams, Asst. U.S. Atty., New York City, on brief), for appellee.

Before NEWMAN and WINTER, Circuit Judges, and HOLDEN, District Judge.*

---

* The Honorable James S. Holden of the United States District Court for the District of Vermont, sitting by designation.

PER CURIAM:

This is an interlocutory appeal from an order of the District Court for the Southern District of New York (John E. Sprizzo, Judge) denying a motion to dismiss pending criminal charges because of an alleged violation of a plea agreement concluded in the Eastern District of New York. Because Judge Sprizzo properly determined that the Eastern District plea agreement did not preclude a prosecution in the Southern District, we affirm.

The pending Southern District indictment includes two counts charging defendants-appellants Sami and Nedam Annabi with narcotics offenses. Count One charges both Annabis and others with conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (1982). Count Three charges Sami with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (1982).[1] Both counts allege criminal conduct occurring from October 1982 until the date of the indictment, March 15, 1985.

The prior Eastern District charges were contained in a three-count indictment filed December 16, 1982. Both Annabis were charged in Count One with conspiracy to import heroin into the United States on or about November 23, 1982, in violation of 21 U.S.C. § 963 (1982), in Count Two with the substantive offense of importing heroin on that date, in violation of 21 U.S.C. § 952(a) (1982), and in Count Three with possession of heroin on that date with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1982). All three charges arose out of the arrest of the Annabis at Kennedy Airport on November 23, 1982, after their arrival from the Middle East in possession of four kilograms of heroin. This episode is listed as one of the overt acts in support of Count One (conspiracy to distribute) of the pending Southern District indictment and as one of predicate acts in support of Count Three (continuing criminal enterprise) of that indictment.

On February 4, 1983, after plea discussions with the United States Attorney's office for the Eastern District, both Annabis pled guilty to Count Two, the substantive importation charge. At the time of the plea, the prosecutor stated on the record that "the only agreement that exists between the defendants and the Government is that at the time of the imposition of sentence on Count Two, the Government would move to dismiss the two open remaining counts as to each defendant." The judgments for each defendant reflect that on motion of the Assistant United States Attorney, Counts One and Three were dismissed.

On the motion to dismiss the pending Southern District indictment, Judge Sprizzo heard testimony from the prosecutor of the 1982 Eastern District charges, a supervising prosecutor from the Eastern District, Sami Annabi, and the lawyer who represented Sami in connection with the 1982 Eastern District charges. Judge Sprizzo found that the plea agreement placed on the record at the time the Annabis entered guilty pleas to Count Two of the Eastern District indictment constituted the entire agreement between the prosecution and the defendants and that there was no agreement concerning prosecution of the Annabis in the Southern District of New York. Applying applicable law, the District Judge concluded that the Eastern District agreement did not insulate the Annabis from prosecution in the Southern District and therefore denied the motion to dismiss.

Since the Annabis were never in jeopardy with respect to the dismissed counts of the Eastern District indictment, *see United States v. Von Barta*, 635 F.2d 999, 1004 (2d Cir.1980), *cert. denied*, 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981), their appeal rests on their claim that the pending Southern District indictment violates the protection they allege they secured by virtue of the 1982 plea agreement in the Eastern District. Though that issue may be raised on an interlocutory appeal, *see United States v. Abbamonte*, 759 F.2d 1065, 1070–71 (2d Cir.1985), it is without merit.

---

**1.** Count Two, charging Nedam and others with conspiracy to import heroin in violation of 21

U.S.C. § 963 (1982), was dismissed as to Nedam with the consent of the Government.

■ As an original proposition, a plea agreement whereby a federal prosecutor agrees that "the Government" will dismiss counts of an indictment other than the ones to which guilty pleas are entered might be thought to bar the United States from re-prosecuting the dismissed charges in any judicial district unless the agreement expressly limits the scope of the agreement to the district in which the dismissed charges are initially brought. However, the law has evolved to the contrary. A plea agreement binds only the office of the United States Attorney for the district in which the plea is entered unless it affirmatively appears that the agreement contemplates a broader restriction. *United States v. Abbamonte, supra,* 759 F.2d at 1072; *United States v. Alessi,* 544 F.2d 1139, 1154 (2d Cir.), *cert. denied,* 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976); *see also United States v. Papa,* 533 F.2d 815, 823–25 (2d Cir.), *cert. denied,* 429 U.S. 961, 97 S.Ct. 387, 50 L.Ed.2d 329 (1976).

■ Appellants seek to distinguish *Abbamonte* and *Alessi* on the ground that the defendants in those cases sought to secure from their plea agreements protection greater than that accorded by the Double Jeopardy Clause, whereas they allege that here they are seeking only the same protection accorded by that Clause. The argument fails for two reasons. First, since appellants were never in jeopardy on the charges dismissed in the Eastern District, the protection they now seek under the plea agreement is necessarily broader than that accorded by the Double Jeopardy Clause. Second, to the extent that the appellants rely on a claim that the Clause, if applicable, would protect them from prosecution on charges identical to those dismissed, the short answer is that the pending charges, covering conduct extending more than two years beyond the date of the period covered by the dismissed charges, are not the same as the charges that were dismissed. Even if, as appellants contend, the Southern District charges result from the same conspiratorial agreement that underlay the charges dismissed in the Eastern District, the alle-gation that the conspiracy extended for an additional two years suffices to show that the new charges are not identical to the dismissed charges. Therefore, regardless of what degree of preclusive effect the dismissal of the Eastern District charges would have if the pending charges had been brought by the United States Attorney for that District, the new charges are sufficiently distinct at least to warrant application of the *Abbamonte-Alessi* rule concerning construction of plea agreements.

Nor is appellants' claim aided by their reliance on *United States v. Gogarty,* 533 F.2d 93 (2d Cir.1976), and *United States v. Ortega-Alvarez,* 506 F.2d 455 (2d Cir.1974), *cert. denied,* 421 U.S. 910, 95 S.Ct. 1561, 43 L.Ed.2d 775 (1975). In each case, the defendant was held not to be entitled to any protection against subsequent prosecution on charges previously dismissed; the issue of whether protection, if available, would have insulated the defendant from prosecution in a district other than the district in which the charges were originally brought and dismissed was never reached.

The order of the District Court is affirmed. The mandate shall issue forthwith.