UNITED STATES of America, Appellee,

v.

Carmine PERSICO, Andrew Russo, and Hugh McIntosh, Defendants-Appellants.

Nos. 1727, 1730 and 1731, Dockets 85–1285, 85–1286 and 85–1288.

United States Court of Appeals, Second Circuit.

Heard Aug. 15, 1985.
Decided Sept. 17, 1985.

Stanley M. Meyer, New York City (Frank A. Lopez, New York City, on brief), for defendant-appellant Persico.

George L. Santangelo, New York City (Santangelo, Santangelo & Cohen, New York City, on brief), for defendant-appellant Russo.

Susan G. Kellman, Brooklyn, N.Y. (Genovesi and Kellman, Brooklyn, N.Y., on brief), for defendant-appellant McIntosh.

Bruce A. Baird, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Aaron R. Marcu, Frank H. Sherman, Asst. U.S. Attys., New York City, on brief), for appellee.

Before NEWMAN and WINTER, Circuit Judges, and HOLDEN, District Judge.[*]

JON O. NEWMAN, Circuit Judge.

This is an interlocutory appeal from an order of the District Court for the Southern District of New York (John F. Keenan, Judge) denying a motion to dismiss pending criminal charges on the grounds that prosecution is barred by the Double Jeopardy Clause, prior plea agreements in the Eastern District of New York, and Rule 11 of the Federal Rules of Criminal Procedure. For substantially the reasons set forth in Judge Keenan's comprehensive opinion, 836 F.Supp. 620, we affirm.

The pending Southern District indictment, filed April 4, 1985, charges appellants Carmine Persico, Andrew Russo, and Hugh McIntosh and eleven other defendants with a broad range of offenses all arising out of their alleged membership in the Colombo Family of La Cosa Nostra.[1] The principal charges are substantive and conspiracy "RICO" offenses in violation of 18 U.S.C. § 1962(c) and (d) (1982). The alleged racketeering activity includes extortion, loan sharking, gambling, narcotics distribution, interstate thefts, bribery, and intimidation by threats, beatings, and murders. The racketeering conspiracy is alleged to have been in existence from January 1968 until the date of the indictment.

The motion to dismiss is based on a prosecution in the Eastern District of New York that was concluded by November 1, 1982. In that prosecution, referred to by the parties as the "Annicharico case," the

---

[*] The Honorable James S. Holden of the United States District Court for the District of Vermont, sitting by designation.

[1] One of the eleven other defendants, Dominic Cataldo, also appealed from Judge Keenan's order denying the motion to dismiss, but his appeal was dismissed on August 15, 1985, for failure to file a brief.

three appellants were charged with offenses relating to the bribery of a Special Agent of the Internal Revenue Service, who pretended to be amenable to corrupt overtures. Indictments in the Annicharico case were returned against the appellants on various dates in 1980 and early 1981. Each of the appellants pled guilty to conspiracy or substantive bribery charges arising out of the Annicharico case on various dates between August 11, 1981, and November 1, 1982.

The conduct of the appellants that formed the basis of the bribery and related charges in the Annicharico case, which resulted in either guilty pleas or dismissals, is alleged in the pending Southern District indictment as instances of racketeering activity to support the "pattern of racketeering" element of subsections 1962(c) and 1962(d). See 18 U.S.C. § 1961(1), (5). Appellant Persico is charged with numerous acts of racketeering activity, in addition to the Annicharico bribes; appellant Russo is charged with only one additional act of racketeering activity. Appellant McIntosh is not charged with any act of racketeering activity other than the Annicharico bribes.

In rejecting appellants' double jeopardy claim, Judge Keenan correctly applied the analysis recently set forth by the Supreme Court in Garrett v. United States, —— U.S. ——, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). The Court there upheld the validity of using a prior criminal conviction to support a continuing criminal enterprise conviction under 21 U.S.C. § 848, at least where the "enterprise" activity continues four months past the date of the conduct underlying the prior conviction. The pertinent inquiry, the Court ruled, is whether Congress intended a subsequent prosecution after a prior conviction and, if so, whether, under the particular circumstances, a double jeopardy violation occurs.

▮▮▮ Judge Keenan's opinion fully sets forth the pertinent legislative history and decisional authorities to demonstrate that Congress intended to permit conduct resulting in prior convictions to be used as predicate acts of racketeering activity to establish subsequent RICO convictions. 620 F.Supp. at 839–42. See United States v. Phillips, 664 F.2d 971, 1009 & n. 55 (5th Cir.1981), cert. denied, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982); United States v. Brooklier, 637 F.2d 620, 624 (9th Cir.1980), cert. denied, 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983); cf. United States v. Walsh, 700 F.2d 846, 856 (2d Cir.) (allowing cumulative punishments for predicate conduct and RICO violation), cert. denied, 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983). The District Judge also correctly determined that the Double Jeopardy Clause was not a bar to trial on the pending RICO charges. The indictment alleges that the substantive conduct and the conspiracy continued, with the participation of all of the appellants, for four years beyond the date of the last indictment in the Annicharico case. See Garrett v. United States, supra. We need not and do not decide whether, as Judge Keenan believed, 620 F.Supp. at 840, subsequent RICO charges can survive double jeopardy objections only if the subsequent indictment alleges conduct that post-dates the plea to the prior charges or if evidence, accumulated subsequent to that plea, establishes either a second predicate offense or participation in a criminal enterprise. See Garrett v. United States, supra, 105 S.Ct. at 2422 (O'Connor, J., concurring) (noting that Court is not deciding whether double jeopardy claim would be valid if evidence in subsequent prosecution did not show a continuing violation "after an earlier conviction for a predicate offense").

Appellants contend that, even if conviction on the pending RICO indictment would not violate double jeopardy protections, they are entitled to a hearing prior to trial to determine whether there is evidence of racketeering conduct that post-dates the conduct underlying the charges in the Annicharico case. They rely on cases holding that once a defendant introduces sufficient evidence that the offense charged in a pending indictment is the same as an offense for which the defendant has previously been in jeopardy, the burden shifts to

the prosecutor to rebut the inference that the offenses are the same. *See United States v. Abbamonte,* 759 F.2d 1065, 1068–69 (2d Cir.1985); *United States v. Papa,* 533 F.2d 815, 821 (2d Cir.), *cert. denied,* 429 U.S. 961, 97 S.Ct. 387, 50 L.Ed.2d 329 (1976); *United States v. Bommarito,* 524 F.2d 140, 146 (2d Cir.1975); *United States v. Mallah,* 503 F.2d 971, 986 (2d Cir.1974), *cert. denied,* 420 U.S. 995, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975). These cases do not aid the appellants. They are concerned with subsequent indictments alleging offenses that appeared to be the same as offenses concluded in prior prosecutions. The appearance of sameness arose from the similarity between the allegations of conspiracy in the prior and subsequent indictments and was strengthened by the evidentiary showing of the defendants in support of motions to dismiss. In such circumstances trial on the subsequent charges may not occur simply on the Government's representation that at trial the charges will be shown to be different. Here, by contrast, the subsequent indictment alleges that the RICO offenses continued for four years beyond the last date of the conduct alleged in the prior indictments. That allegation by the grand jury of an offense facially distinct from the Annicharico case suffices to call for trial without any preliminary demonstration of supporting evidence.

Judge Keenan also correctly determined that trial on the pending charges is not barred either by the plea agreements in the Annicharico case or by any requirements of Fed.R.Crim.P. 11. Even if, as appellants contend, their plea agreements with the United States Attorney's office for the Eastern District of New York are to be construed to bar that office from using the conduct underlying any of the charges in the Annicharico case, including dismissed charges, as predicates for subsequent RICO prosecutions, a claim we need not assess, there is no indication that these agreements bind any other United States Attorney. *See United States v. Annabi,* 771 F.2d 670 (2d Cir.1985); *United States v. Abbamonte, supra,* 759 F.2d at 1072; *United States v. Alessi,* 544 F.2d 1139, 1153–54 (2d Cir.), *cert. denied,* 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976). Equally without merit is the claim that Rule 11 required the District Judge in the Eastern District to advise appellants at the time of their pleas in the Annicharico case that the bribery episodes could be used in subsequent RICO prosecutions.[2] Rule 11 requires advice concerning only the direct consequences of a guilty plea, *United States v. Russell,* 686 F.2d 35, 38 (D.C.Cir.1982); *Strader v. Garrison,* 611 F.2d 61, 63 (4th Cir.1979); *Bye v. United States,* 435 F.2d 177, 179 (2d Cir. 1970), and in no event requires advice that the conduct underlying the plea may become a predicate act for criminal offenses continued by the defendant after the date of such conduct. Nor were the appellants required to be advised that, at the time of their pleas in the Eastern District, a grand jury in that District was allegedly investigating possible RICO violations committed by them. Had that grand jury returned indictments against the appellants, they could have asserted whatever objections to trial might have arisen from either the Double Jeopardy Clause or the Eastern District plea agreements.

The order of the District Court is affirmed. The mandate shall issue forthwith.

---

**2.** The Rule 11 claim is sufficiently related to the merits of the appealable double jeopardy claim to warrant consideration in the exercise of pendent appellate jurisdiction. *See United States v. Russotti,* 717 F.2d 27, 32 n. 2 (2d Cir.1983) (claim of prosecutorial vindictiveness, related to double jeopardy claim, reviewed on interlocutory appeal), *cert. denied,* —— U.S. ——, 104 S.Ct. 1273, 79 L.Ed.2d 678 (1984).