**UNITED STATES of America, Appellee,**

**v.**

**Andrew T. RUSSO and Hugh McIntosh, Appellants.**

**Nos. 1263, 1264, Dockets 86–1060, 86–1062.**

United States Court of Appeals, Second Circuit.

Argued May 1, 1986.

Decided Sept. 22, 1986.

Susan G. Kellman, New York City, for appellant McIntosh.

George L. Santangelo, Santangelo, Santangelo & Cohen, New York City, for appellant Russo.

Maury S. Epner, Atty. Dept. of Justice, Washington, D.C. (Reena Raggi, U.S. Atty., E.D.N.Y., Laura A. Brevetti, Sp. Atty., Dept. of Justice, Brooklyn, N.Y., of counsel), for appellee.

Before FEINBERG, Chief Judge, LUMBARD, and OAKES, Circuit Judges.

OAKES, Circuit Judge:

Andrew T. Russo and Hugh McIntosh appeal from a judgment of the United States District Court for the Eastern District of New York, Eugene H. Nickerson, Judge, denying their motions under 28 U.S.C. § 2255 (1982) to vacate their criminal convictions. Appellants' principal contention here is that they should be allowed to withdraw the guilty pleas that support those convictions because the pleas were made in reliance on promises of the office of the United States Attorney for the Eastern District of New York that were unfulfilled or unfulfillable. Because we find that the plea agreements were not violated and because we reject appellants' other arguments, we affirm.

There is little dispute about the essential facts of this case. Appellant Russo was named in thirteen counts of an indictment filed in the Eastern District of New York. Pursuant to a written agreement with the office of the United States Attorney for the Eastern District, Russo pleaded guilty on April 26, 1982, to one count of conspiring to bribe a government agent, in violation of 18 U.S.C. § 371 (1982), and to one count of obstructing justice, in violation of 18 U.S.C. §§ 2, 1505 (1982); in accordance with the agreement, the other counts of the indictment were dismissed. Judge Nickerson sentenced Russo to a five-year prison term and a $10,000 fine on the conspiracy count and a $5,000 fine and a two-year period of probation on the obstruction count.

Appellant McIntosh was named in all six counts of a superseding indictment in the same case. McIntosh also reached an agreement with the office of the United States Attorney for the Eastern District. In accordance with that agreement, the terms of which were set forth orally before Judge Nickerson, McIntosh on November 1, 1982, pleaded guilty to one count of bribery in violation of 18 U.S.C. § 201(b) (1982), and the other counts of the indictment were dropped. Judge Nickerson imposed a sentence of nine years' imprisonment and a $10,000 fine.

On April 4, 1985, an indictment was filed in the United States District Court for the Southern District of New York charging Russo, McIntosh, and twelve other defendants with a variety of crimes growing out of their alleged membership in the Colombo family of La Cosa Nostra. The indictment alleged that Russo and McIntosh committed substantive and conspiracy Racketeer Influenced and Corrupt Organizations Act ("RICO") offenses in violation of 18 U.S.C. § 1962(c) and (d) (1982). The predicate acts that the indictment set forth as the basis for the RICO charges involved almost exclusively conduct at issue in the 1982 Eastern District prosecution. Russo was charged with only one additional act of racketeering; McIntosh was not charged with any. Russo, McIntosh, and Carmine Persico, another defendant who also pleaded guilty as a result of the 1982 prosecution, sought dismissal of the charges on the grounds that the prosecution was barred by the double jeopardy clause, prior plea agreements in the Eastern District, and Fed.R.Crim.P. 11. The United States District Court for the Southern District of New York, John F. Keenan, Judge, denied the motion for dismissal, *United States v. Persico*, 620 F.Supp. 836 (S.D.N.Y.1985), and this court affirmed, 774 F.2d 30 (2d Cir.1985), noting that the indictment alleged that the substantive conduct and conspiracy continued for four years beyond the Eastern District indictment. *Id.* at 32. Russo and McIntosh then returned to the

United States District Court for the Eastern District of New York and moved, pursuant to 28 U.S.C. § 2255 (1982), for the vacation of their 1982 convictions. Judge Nickerson denied their motions to vacate, and this appeal was taken.

Appellants argue here that their pleas of guilty were in reliance on promises made to them by the office of the United States Attorney for the Eastern District, that those promises were unfulfilled or unfulfillable, and that the pleas should therefore be vacated. This argument rests on the premise that the actions taken in the Southern District were at odds with the terms of the earlier plea agreements. The facts of the case do not, however, support that premise. The record, which includes Russo's written plea agreement and the in-court plea colloquies of both appellants, indicates that the prosecutors simply agreed to drop the remaining outstanding charges under the Eastern District indictment. As a matter of law, *Persico* holds plainly that on these facts the subsequent prosecution was not inconsistent with the prior plea agreement: Because the defendants were not charged with RICO violations in the first indictment and because the second indictment indicated that the substantive conduct and the RICO conspiracy continued after the 1982 plea, the charges set forth in the Southern District indictment were different from those in the earlier indictment and not in violation of the double jeopardy clause. *See Persico,* 774 F.2d at 32–33.[1]

The Government advances an alternate ground for rejecting appellants' arguments as to whether the plea agreement promises had been fulfilled. According to the Government, a plea agreement between one United States Attorney's office and a defendant will not bind other United States Attorney's offices in the absence of an express statement to that effect. It is argued that because the 1982 agreements did not contain such express statements they did not bind the Southern District.

Although we need not resolve the question whether the Southern District is bound by this particular plea agreement, we cannot accept the standard that the prosecution advances as in accordance with the law of this circuit. In *United States v. Annabi,* 771 F.2d 670 (2d Cir.1985), we held, "A plea agreement binds only the office of the United States Attorney for the district in which the plea is entered *unless it affirmatively appears that the agreement contemplates a broader restriction."* Id. at 672 (emphasis added). Contrary to the position of the prosecution, an affirmative appearance need not be an express statement. Thus, this court has, while holding otherwise on the facts involved in the particular case, indicated that a promise to bind other districts can be inferred from the negotiations between defendant and prosecutor, *see United States v. Alessi,* 544 F.2d 1139, 1153–54 (2d Cir.), *cert. denied,* 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976), as well as from statements at the plea colloquy, *see United States v. Abbamonte,* 759 F.2d 1065, 1072 (2d Cir.1985). In this case, the plea agreements are ambiguous as to whether they bind offices other than the Eastern District. Thus, Russo's plea agreement at certain points speaks in terms of "the Government," at other times of the Eastern District. The fact, however, that the Eastern District plea agreements did not concern possible RICO charges makes moot the issue whether the plea agreements involved a "broader restriction" binding the Southern District.

Appellants' other arguments need not long detain us. Russo contends that his plea agreement binds other federal jurisdictions because it does not specify geographic limitations. For the reasons discussed above, we need not resolve this contention. Appellants also maintain that

---

1. Bringing the second prosecution may be, in the long term, of dubious efficacy. *Persico* requires approval of a close reading of the plea agreements to cover a contingency that the appellants in all likelihood never anticipated—the possibility of a RICO prosecution. But as future defendants and defense lawyers become more wary, they will no doubt bargain to have plea agreements cover potential RICO and continuing criminal enterprise charges. This may increase the difficulty and complexity of plea negotiations to no one's gain.

Judge Nickerson erred in deciding their motions under 28 U.S.C. § 2255 (1982) without first conducting evidentiary hearings. In this case, however, such a hearing was not required. The initial plea hearings were meticulously conducted, and they were conducted by Judge Nickerson, who thus was "in a position to recall the facts and circumstances surrounding the plea after consulting the record." *Baker v. United States*, 781 F.2d 85, 92 (6th Cir.1986). Moreover, appellants, in challenging the agreements, do not suggest any significant inaccuracies in the statements made at the plea hearings or indicate that there is additional evidence that would merit a hearing. In such circumstances, the court below did not abuse its discretion by denying a hearing. *See Newfield v. United States*, 565 F.2d 203, 207 (2d Cir.1977).

Affirmed.