**UNITED STATES of America,**

v.

**Mildred RUSSO, Joseph Corrao, and James Failla, Defendants.**

**No. 86 Cr. 556 (SWK).**

United States District Court,
S.D. New York.

Oct. 14, 1986.

KRAM, District Judge.

The case before this Court is a criminal indictment handed down against Mildred Russo ("Russo"), Joseph Corrao ("Corrao") and James Failla ("Failla") (together "the defendants"), charging all defendants with one count of conspiring to obstruct justice in violation of 18 U.S.C. § 371 over the period April 1983 through September 1983, and one count of obstruction of justice in violation of 18 U.S.C. § 1503 in April 1983 in that defendants allegedly revealed that Alphonse Persico Jr. had been named in a sealed indictment. The indictment also charged defendants Russo and Corrao with one count of obstruction of justice in September 1983 in that Russo and Corrao revealed information contained in an "undercover" indictment.

The defendants have moved for a transfer of the indictment to the Eastern District of New York pursuant to Federal Rule of Criminal Procedure 21(b). All three defendants are under indictment in the Eastern District for RICO conspiracy; defendants have indicated that they would consent to the consolidation of the indictment pending in this Court with *United States v. Gallo*, 86 Cr. 452 (JBW) (the "Eastern District indictment").

## DISCUSSION

Fed.R.Crim.P. 21(b) states:

For the convenience of the parties and the witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one or more of the counts thereof to another district.

The determination of whether a proposed transfer is "in the interest of justice" and should be granted is within the sound discretion of the district judge. *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 245, 84 S.Ct. 769, 772, 11 L.Ed.2d 674 (1964); *United States v. Alter*, 81 F.R.D. 524, 525 (S.D.N.Y.1979); *United States v. United States Steel Corp.*, 233 F.Supp. 154, 156 (S.D.N.Y.1964); *United States v. Alvarado*, 647 F.2d 537, 539 (5th Cir.1981).

In order to succeed on their motion to transfer, defendants must show that, in balancing the factors involved in retaining the case, the Court will conclude that there will be a "balance of inconvenience of some substance". *United States v. Pilnick*, 267 F.Supp. 791, 799 (S.D.N.Y.1967).

Defendants rightly recognize that, of the factors to be considered by the Court in reaching its determination, most are irrelevant to the facts of the case. *See Platt v. Minnesota Mining & Mfg. Co., supra*, 376 U.S. at 243–244, 84 S.Ct. at 771; *United States v. Keuylian*, 602 F.2d 1033, 1038 (2d Cir.1979) (listing variety of factors to be considered under Fed.R.Crim.P. 21(b), such as location and convenience of the parties, witnesses, evidence and counsel). Defendants argue, however, that the expense to the parties, and "other special elements which might affect the transfer", *see Platt v. Minnesota Mining & Mfg. Co., supra*, mandate the transfer of the indictment to the Eastern District.

The Court disagrees. Defendants contend, in essence, that the criminal charges in the Eastern District indictment are identical to those in the indictment here; that the Government is attempting to subvert the Double Jeopardy clause of the Fifth Amendment by maintaining both indictments; that the defendants would receive a fairer trial in the Eastern District because their alleged wrongdoing allegedly obstructed justice in the Southern District of

New York; and, that by indicting defendants twice on essentially the same criminal charges, defendants will be forced to bear the expense of defending themselves twice against what they claim to be the same charge.

■ Defendants' contentions are factually and legally incorrect. Accordingly, the Court, in its discretion, denies their motion to transfer.

The Eastern and Southern District indictments charge different crimes. The essence of the Eastern District indictment is a RICO conspiracy, alleging defendants' association with the Gambino Crime Family. While the obstruction of justice charges alleged in the indictment here are also alleged in the Eastern District indictment, those charges are alleged in the Eastern District indictment solely as a predicate offense for RICO purposes and not as substantive crimes.

■ It is clear that defendants may be prosecuted separately for RICO and for the underlying substantive offenses. *United States v. Walsh*, 700 F.2d 846, 856 (2d Cir.), *cert. denied*, 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. Boylan*, 620 F.2d 359, 361 (2d Cir.1980); *United States v. Persico*, 620 F.Supp. 836, 841 (S.D.N.Y.), *aff'd*, 774 F.2d 30 (2d Cir.1985). The Second Circuit has only recently reiterated that separate prosecution of RICO violations and of the substantive acts which formed a basis for the RICO conspiracy does not invoke the Double Jeopardy provision of the Fifth Amendment. *United States v. Russo*, 801 F.2d 624 (2d Cir.1986). *See United States v. Castellano*, 610 F.Supp. 1359, 1415–16 (S.D.N.Y.1985). Thus, defendants' contention that they are being forced to stand trial twice for the same crimes fails.

The Court also finds that defendants will incur little undue expense because of this Court's retention of the prosecution. The cases cited by defendants in their brief—detailing the expense and hardship in trans-

porting a defendants' family and witnesses to New York and providing accommodations—are inapposite. *United States v. Russell*, 582 F.Supp. 660, 663 (S.D.N.Y. 1984); *United States v. Aronoff*, 463 F.Supp. 454, 458 (S.D.N.Y.1978). The Southern District is as accessible to witnesses and counsel as the Eastern District. Moreover, the prosecution before this Court is relatively simple and focused. It should require little time and expense. In contrast, the Eastern District prosecution involves sixteen defendants, numerous issues, and vast amounts of disputed discovery. *See Castellano, supra*, 610 F.Supp. at 1410.

The Court finds absolutely no validity in defendants' claim that the Southern District would not afford defendants a fair trial since some of the acts alleged occurred here. Indeed, the courts of this District have the responsibility to protect the integrity of their processes. As the Second Circuit has recently stated:

Where essential elements of a crime are related to the integrity of the proceedings of judicial tribunals in districts other than where the acts took place ... those tribunals should not be left to the generosity of prosecutors or judges in other districts to defend their powers.

The defendants have failed to show any "special element" which would mandate the transfer of this indictment. The Court, in its discretion, denies defendants' motion to transfer under Fed.R.Crim.P. 21(b).

SO ORDERED.