**In re GRAND JURY PROCEEDING 90-1 (Relating to Donald BULLICK, Petitioner).**

**Misc. No. 90–Y–84.**

United States District Court, D. Colorado.

Dec. 28, 1990.

Robert T. Kennedy, Asst. U.S. Atty., Denver, Colo., for the Government.

Rowe P. Stayton, Denver, Colo., for petitioner.

## ORDER ADJUDGING PETITIONER IN CIVIL CONTEMPT

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on the government's motion pursuant to 28 U.S.C.A. § 1826(a) (West Supp.1990) for an order to show cause why petitioner should not be held in contempt of court for failure to give testimony before a federal grand jury.[1] For the reasons below, petitioner is adjudged in civil contempt of this court and is hereby committed to confinement until such time as he is willing to provide testimony or information to the grand jury.[2]

### I.

On September 28, 1988, Donald Bullick ("Bullick") was arrested in the Denver area for conspiring to possess with intent to distribute and possessing with intent to distribute 1,000 kilograms of marijuana in violation of 21 U.S.C.A. §§ 841(a) and 846 (West 1981 and Supp.1990). On October 6, 1988, the District of Colorado's criminal complaint was dismissed and ultimately substituted by an indictment handed down in the Southern District of Texas on September 15, 1989.

Shortly after filing of the federal indictment in Texas, some of Bullick's co-defendants entered into arrangements with an Assistant United States Attorney in the Southern District of Texas, Robert Berg ("Berg"). The agreement stipulated that, in exchange for pleading guilty to pending state charges pertaining to the same events, the federal charges would be dismissed. These agreements provided that

---

1. 28 U.S.C.A. § 1826(a) provides, "[w]henever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, ... the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information." 28 U.S.C.A. § 1826(a) (West Supp.1990).

2. The court has addressed civil contempt in the grand jury context in *In re Nigro,* 555 F.Supp. 65 (D.Colo.), *aff'd,* 705 F.2d 1224 (10th Cir.1982), *cert. denied,* 461 U.S. 927, 103 S.Ct. 2087, 77 L.Ed.2d 298 (1983).

"other cooperation or testimony from this defendant would not be required."

When petitioner became aware of his co-defendants' dispositions, he contacted Berg for similar treatment. On April 27, 1990, a motion to dismiss was entered in the Southern District of Texas. The order included virtually the same stipulations as Bullick's co-defendants'.

On June 12, 1990, Grand Jury 90–1 issued a subpoena on application of the United States Attorney for the District of Colorado, commanding Bullick to appear before it to testify. The grand jury investigation was focusing on the identity and criminal complicity of the principals who furnished Bullick with approximately $800,000 in Colorado with which to purchase the marijuana. Bullick filed a motion to quash on July 18, 1990. On July 23, 1990, the government filed a motion requesting an order to compel testimony pursuant to 18 U.S.C.A. §§ 6001–6003 (West 1985 and Supp.1990). On August 6, 1990, the court denied the motion to quash the subpoena and ordered a hearing on the government's motion to compel testimony. *In re Grand Jury Proceeding 90–1 (Relating to Donald Bullick, Petitioner)*, No. 90–Y–84, slip op. at 3 (D.Colo. Aug. 6, 1990). That same day, Bullick filed an appeal with the United States Court of Appeals for the Tenth Circuit. As such, Bullick moved for a stay pending the appeal on August 16, 1990. On August 22, 1990, this court refused to stay its hand. *In re Grand Jury Proceeding 90–1 (Relating to Donald Bullick, Petitioner)*, No. 90–Y–84, slip op. at 1–2 (D.Colo. Aug. 22, 1990). The court held that denial of the motion to quash was interlocutory in nature and not an appealable order. *United States v. Ryan*, 402 U.S. 530, 532–34, 91 S.Ct. 1580, 1581–83, 29 L.Ed.2d 85 (1971); *In re Grand Jury Proceeding (Relating to Company X)*, 857 F.2d 710, 711 (10th Cir.1988), *cert. denied*,

— U.S. ——, 109 S.Ct. 3214, 106 L.Ed.2d 565 (1989).

A hearing was held on the government's motion to compel testimony on August 27, 1990. The motion was granted and Bullick was given full immunity pursuant to 18 U.S.C.A. §§ 6001–6003 (West 1985 and Supp.1990). On August 28, 1990, the court granted Bullick's motion for continuance of the grand jury subpoena in light of his simultaneous motion for reconsideration. On September 6, 1990, the Tenth Circuit dismissed Bullick's appeal. This court denied the motion for reconsideration on September 12, 1990.

The government filed the instant order to show cause on September 28, 1990. At a hearing held on October 16, 1990, the motion on the order to show cause was granted. A hearing on the civil contempt charge was held on November 15, 1990.

Upon review of the testimony and applicable law, the court finds that Bullick is in civil contempt of court.

## II.

■ Petitioner has indicated that he would continue to refuse to testify before the grand jury. He claims reliance on representations made by the Assistant United States Attorney in Texas. The motion to dismiss Bullick's federal charges included language indicating that "other cooperation or testimony from this defendant would not be required." Bullick claims that this statement should preclude Grand Jury 90–1, sitting in the District of Colorado, from compelling him to appear before it to testify.

■ Bullick may have been entitled to relief if Berg had failed to fulfill promises made while negotiating a plea agreement. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). However, based upon the testimony before us, the court is persuaded that a plea agreement was never made.[3] The arrangement

3. Petitioner argues that any ambiguity in this arrangement must be resolved in his favor under the rule of lenity. This rule requires that a court will not interpret a criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess of what the legislature intended. *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980); *see also Crandon v. United States*, — U.S. ——, 110 S.Ct. 997, 1001–02, 108 L.Ed.2d 132 (1990). The language of the rule

was merely a voluntary dismissal of the pending federal charges. The motion contemplated that Bullick would enter into a plea agreement in state court if the federal charges were dismissed. Nevertheless, whether the court finds that this arrangement was a voluntary dismissal or a plea agreement, the ultimate result would not change.

## III.

The Second Circuit has held that, unless it affirmatively appears that an agreement contemplated some kind of broader restrictions, an Assistant United States Attorney in one district may not bind another district.[4] *United States v. Russo*, 801 F.2d 624, 626 (2d Cir.1986); *United States v. Annabi*, 771 F.2d 670, 672 (2d Cir.1985); *United States v. Abbamonte*, 759 F.2d 1065, 1072 (2d Cir.1985); *United States v. Alessi*, 544 F.2d 1139, 1152 (2d Cir.), cert. denied, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976); *United States v. Laskow*, 688 F.Supp. 851, 852–56 (E.D.N.Y.), aff'd, 867 F.2d 1425 (2d. Cir.1988); *see also* Annotation, *When is Federal Prosecutor Bound by Promises of Immunity or Plea Bargains Made by Another Federal Agent*, 55 A.L.R. Fed. 402 (1981 and Supp. 1990). While such broader restrictions may be inferred from negotiations between a defendant and a prosecutor, *Russo*, 801 F.2d at 626, Berg indicated in his affidavit and through testimony offered at the hearing held on November 15, 1990, that there was never any explicit or implicit agreement that would preclude Bullick from being subpoenaed to appear before a federal grand jury in Colorado. Moreover, any inconclusive understanding by Bullick's attorney does not support a conclusion that broader restrictions had been envisioned.

*United States v. Di Napoli*, 657 F.Supp. 1077, 1080–81 (S.D.N.Y.), aff'd, 817 F.2d 978 (2d Cir.1987). Not only were no references made to immunity from subpoena in the District of Colorado during dismissal negotiations or in the motion itself, petitioner's counsel never sought additional assurances or clarification from the District of Colorado. Rather, counsel chose to "let sleeping dogs lie." Under the approach utilized by the Second Circuit and now adopted by this court, we conclude that Bullick is not entitled to any relief.

## IV.

ACCORDINGLY, IT IS ORDERED:

1) Donald Bullick is adjudged in civil contempt of this court and is hereby committed to confinement until such time as he is willing to provide testimony or information to the grand jury.

2) Donald Bullick is DIRECTED to report to the United States Marshal's Office in Denver, Colorado, by Thursday, January 3, 1991, at 9:00 a.m.

3) Donald Bullick's request for bond, filed November 27, 1990, is hereby DENIED.

demonstrates that it does not apply to the disposition of pending criminal charges. Accordingly, the rule is inapplicable in the instant case.

**4.** The court has considered the Fourth Circuit's decision in *United States v. Harvey*, 791 F.2d 294, 302–03 (4th Cir.1986), and declines to adopt its analysis. Petitioner cites the grandfather case to *Harvey*, *United States v. Carter*, 454 F.2d 426 (4th Cir.1972), and the Tenth Circuit's apparent approval of its holding in *United States v. Thomas*, 580 F.2d 1036 (10th Cir.1978), cert.

denied, 439 U.S. 1130, 99 S.Ct. 1051, 59 L.Ed.2d 92 (1979). *Carter* merely held that an evidentiary hearing should be conducted on the scope of a government promise in a criminal case with multi-district implications. A hearing was held in the current action in which the court concludes that the government official in Texas did not promise to bind other federal districts. Therefore, the Tenth Circuit's alleged adoption of *Carter* is inconsequential.