101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Melvin P. DEUTSCH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 95-2646, 95-2647.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Melvin P. Deutsch, Otisville, New York, pro se.
 APPEARING FOR APPELLEE: Tanya Y. Hill, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York.
 E.D.N.Y.
 AFFIRMED.
 Before VANGRAAFEILAND, MAHONEY and WALKER, Jr., Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now ORDERED, ADJUDGED, AND DECREED that the order of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Petitioner-appellant Melvin P. Deutsch appeals from an order entered August 24, 1995 in the United States District Court for the Eastern District of New York that dismissed three motions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct Deutsch's federal sentence. Judge Mishler dismissed Deutsch's motions sua sponte on the grounds that his claims had either been raised before or were frivolous.
 
 
 4
 2. We concur with the district court's ruling that the instant § 2255 motions should be denied because they raise the same allegations that Deutsch previously raised on direct appeal and in numerous § 2255 motions. See Douglas v. United States, 13 F.3d 43, 46-47 (2d Cir.1993); Rule 9(b) of the Rules Governing Section 2255 Proceedings for the United States District Court. Nor did Judge Mishler abuse his discretion by dismissing Deutsch's § 2255 motions without conducting a hearing, or by consolidating his three petitions and dismissing them in one judgment. See United States v. Russo, 801 F.2d 624, 627 (2d Cir.1986) (decision not to hold evidentiary hearing in § 2255 proceeding reviewed for abuse of discretion).
 
 
 5
 3. Finally, we note that the government's request that this Court sanction Deutsch is moot because a panel of this Court sanctioned Deutsch on April 10, 1996. See In re Deutsch, No. 96-3024, order (2d Cir. Apr. 10, 1996) (directing the Clerk of the Court to "refuse to accept for filing any further submissions from [Deutsch] unless he first obtains leave of the Court to file such papers").