101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Norbert RIVERA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-2036.
 United States Court of Appeals, Second Circuit.
 May 31, 1996.
 
 Norbert Rivera, Fort Dix, New Jersey, pro se, for appellant.
 Mark G. Califano, Assistant United States Attorney, District of Connecticut, New Haven, Connecticut for appellee.
 D.Conn.
 AFFIRMED.
 Before VanGRAAFEILAND, WALKER and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby AFFIRMED.
 
 
 3
 On April 1, 1993, following a jury trial, Defendant Norbert Rivera was convicted of one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846, and one count of intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to a term of imprisonment of 136 months, to be followed by a term of supervised release of five years. Rivera appealed and we affirmed his conviction. See United States v. Rivera, 14 F.3d 592 (2d Cir.1993) (table). On August 7, 1995, Rivera, who is incarcerated, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, on the ground that his counsel was ineffective at trial, at sentencing, and on appeal by failing to call expert witnesses to challenge both a witness's in-court identification of his voice on certain audio tapes and the authenticity of those tapes. On November 15, 1995, that motion was denied. Rivera appeals.
 
 
 4
 On appeal, Rivera argues that the district court erred in concluding that Rivera did not receive ineffective assistance of counsel and in making its conclusion without conducting a hearing.
 
 
 5
 In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, he "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, he must show that "any deficiencies in counsel's performance [were] prejudicial to the defense." Id. at 692. With respect to the second prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 6
 Because Rivera failed to satisfy either prong of the Strickland test, the district court did not err in denying his § 2255 motion without affording him a hearing. Rivera failed to allege sufficient facts to overcome the presumption that his counsel's actions were the result of sound trial strategy. The record reveals that Rivera's trial counsel (1) challenged both the authenticity of the tapes and the identifications of Rivera's voice on the tapes; (2) retained a forensic voice expert prior to trial; and (3) objected at sentencing to the inclusion of a sale of 500 grams of cocaine that Rivera had mentioned in one of the taped conversations. Rivera argues that his counsel provided ineffective assistance by not calling the forensic voice expert as a witness at trial. Because Rivera fails to show that such an expert would have testified in his favor, he cannot demonstrate how the decision not to call the expert amounted to anything other than sound trial strategy. See United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir.) ("The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial."), cert. denied, 484 U.S. 957 (1987). As a result, Rivera has failed to satisfy the first prong of the Strickland test. Although we need not consider the second prong in light of Rivera's failure to satisfy the first prong, see Strickland, 466 U.S. at 697; Strouse v. Leonardo, 928 F.2d 548, 556 (2d Cir.1991), we note that the evidence of Rivera's guilt (statements as well as physical evidence) was overwhelming. No reasonable probability exists that but for the alleged errors of counsel, the jury would have acquitted Rivera.
 
 
 7
 A district court may deny a § 2255 motion without conducting a hearing if " 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,' " Ciak v. United States, 59 F.3d 296, 306-07 (2d Cir.1995) (quoting 28 U.S.C. § 2255), and we review a district court's denial of such a hearing for abuse of discretion, see United States v. Russo, 801 F.2d 624, 627 (2d Cir.1986). Here the district court did not abuse its discretion in finding that the record before it conclusively showed that Rivera was not entitled to § 2255 relief.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.