104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Carlos GOMEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-2196.
 United States Court of Appeals, Second Circuit.
 Sept. 27, 1996.
 
 1
 Appearing for Appellant: Carlos Gomez, pro se, Fairton, New Jersey.
 
 
 2
 Appearing for Appellee: Zachary W. Carter, United States Attorney for the Eastern District of New York, Brooklyn, New York.
 
 
 3
 Before MESKILL, WINTER and ALTIMARI, Cicruit Judges.
 
 
 4
 Carlos Gomez, pro se, appeals from Judge Amon's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Gomez argues that his trial counsel was ineffective and that the district court erred in denying his claim without holding an evidentiary hearing.
 
 
 5
 Gomez was convicted in a 1991 jury trial of one count of conspiracy to possess with intent to distribute cocaine, violating 21 U.S.C. § 846, and one count of possessing with intent to distribute cocaine, violating 21 U.S.C. § 841(a). United States v. Gomez, No. 93-1065 (2d Cir. June 14, 1993). On that appeal, Gomez did not claim ineffective assistance of counsel.
 
 
 6
 Gomez filed a notice of appeal on March 5, 1996, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214. Section 102 of the AEDPA requires that an appellant obtain a certificate of appealability to appeal a district court denial of a § 2255 motion. We have held that the certificate of appealability requirement applies to petitions filed under Section 2254 before the effective date of the AEDPA, Reyes v. Keane, 90 F.3d 676, 680 (2d Cir.1996), but have not decided whether this requirement extends to Section 2255 motions.
 
 
 7
 Because Gomez's appeal clearly lacks merit, we do not decide that issue. See Browning-Ferris Indus. v. Muszynski, 899 F.2d 151, 154-60 (2d Cir.1990) (stating that we may avoid a complicated jurisdictional issue if the merits are easily disposed of).
 
 
 8
 A district court may deny a § 2255 motion without a hearing only if " 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " Ciak v. United States, 59 F.3d 296, 306-07 (2d Cir.1995) (quoting 28 U.S.C. § 2255). We review a district court's denial of a hearing in § 2255 proceedings for abuse of discretion. See United States v. Russo, 801 F.2d 624, 627 (2d Cir.1986).
 
 
 9
 To prevail on an ineffective assistance of counsel claim, a petitioner must show, inter alia, "that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Kieser v. New York, 56 F.3d 16, 18 (2d Cir.1995). As to counsel's conduct, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (citation and internal quotation marks omitted).
 
 
 10
 Gomez claims his counsel was ineffective in insisting that he not testify. It was certainly reasonable, however, for Gomez's counsel to recommend strongly that he not testify. The Government had threatened to call as a witness a detective who would have testified to a prior, unconsummated drug transaction if Gomez were to testify, and the judge had found Gomez not credible when he had testified during a suppression hearing. Gomez did not object when his counsel entered into a stipulation with the Government providing that no defense witnesses would be called if the Government did not introduce evidence of a prior drug transaction. There is no other indication that Gomez was prevented from testifying. See United States v. Wisniewski, 478 F.2d 274, 284 (2d Cir.1973). Because the record conclusively determines this issue, the district court did not abuse its discretion in not holding a hearing.
 
 
 11
 Gomez also claims that his counsel was ineffective in not investigating two witnesses who had been present at the time of his arrest and who were willing to testify for him at the trial. Because Gomez did not raise this claim in the district court, we consider it only if in the interests of justice. Gibeau v. Nellis, 18 F.3d 107, 109 (2d Cir.1994). Gomez has not indicated how these witnesses would have testified or how the testimony would have helped his case. We will not, therefore, entertain this claim.
 
 
 12
 We affirm.