**UNITED STATES of America,**
**Appellee,**

v.

**Zaman ASHRAF, also known as**
**Z, Defendant–Appellant.**

**No. 07–5217–cr.**

United States Court of Appeals,
Second Circuit.

April 6, 2009.

**27**

Christopher C. Caffarone, Assistant United States Attorney (Benton J. Campbell, United States Attorney, on the brief, Susan Corkery, Assistant United States Attorney, of counsel), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Zaman Ashraf, pro se, Fort Dix, NJ, for Defendant–Appellant.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, and RICHARD J. SULLIVAN, District Judge.*

---

* The Honorable Richard J. Sullivan, of the United States District Court for the Southern District of New York, sitting by designation.

28

## SUMMARY ORDER

Defendant-appellant Zaman Ashraf appeals from a judgment of conviction entered on November 16, 2007, following a trial by jury. Ashraf was convicted of (1) one count of conspiracy to distribute, and possess with intent to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. § 846; (2) two counts of distribution and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841; and (3) one count of distribution and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Ashraf challenges his conviction on seven grounds, arguing (1) he was subject to double jeopardy; (2) the government brought this prosecution in violation of a prior plea agreement entered in the Eastern District of Virginia; (3) the indictment was obtained on the basis of statements he made in the absence of counsel and without being advised of his *Miranda* rights; (4) the District Court erred in admitting certain drug ledgers into evidence and (5) in allowing a co-conspirator to testify as to their meaning; (6) there was insufficient evidence in support of his conviction; and (7) his trial counsel was ineffective.

By failing to raise his double jeopardy claim at trial, Ashraf has waived it on appeal. *See Aparicio v. Artuz,* 269 F.3d 78, 96 (2d Cir.2001) ("It is well-settled constitutional law that the constitutional protection against double jeopardy is a personal right and, like other constitutional rights, can be waived if it is not timely interposed at trial."). Waiver notwithstanding, Ashraf's conviction was not obtained in violation of the Double Jeopardy Clause because the prosecutions undertaken in New York and Virginia are not "in fact and in law the same." *United States v. Armedo–Sarmiento,* 545 F.2d 785, 792 (2d Cir.1976).

■ Ashraf also failed to bring a pretrial challenge to his prosecution in the Eastern District of New York on the basis of his prior plea agreement in the Eastern District of Virginia. Accordingly, Ashraf has waived that argument on appeal. *See* Fed.R.Crim.P. 12(b)(3)(A) and 12(e); *see also United States v. Yousef,* 327 F.3d 56, 144 (2d Cir.2003). Were we to consider this argument, we would find it devoid of merit: The Virginia plea agreement was limited in scope and, by its express terms, bound only the U.S. Attorney's Office for the Eastern District of Virginia. *See United States v. Annabi,* 771 F.2d 670, 672 (2d Cir.1985) ("A plea agreement binds only the office of the United States Attorney for the district in which the plea is entered unless it affirmatively appears that the agreement contemplates a broader restriction.").

Similarly, Ashraf failed to challenge the indictment prior to trial, and therefore that argument is also waived on appeal. *See* Fed.R.Crim.P. 12(b)(3)(B) and 12(e). Even in the absence of waiver, and assuming *arguendo* that the indictment was, indeed, based on illegally obtained statements, "[i]t is well settled that a guilty verdict at trial 'remedies any possible defects in the grand jury indictment.'" *United States v. Lombardozzi,* 491 F.3d 61, 80 (2d Cir.2007) (quoting *United States v. Eltayib,* 88 F.3d 157, 173 (2d Cir.1996)).

■ With respect to the District Court's decision to admit into evidence (1) the drug ledgers and (2) a co-conspirator's testimony as to the meaning of the ledgers, Ashraf made no objection to this evidence at trial, and we therefore review these challenges for plain error. *See United States v. Lee,* 549 F.3d 84, 89 (2d Cir.2008).

"Before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dukagjini,* 326 F.3d 45, 61 (2d Cir.2003) (internal quotation marks and citation omitted); *see also United States v. Thomas,* 274 F.3d 655, 667 (2d Cir.2001) (en banc). We perceive no error—much less plain error—in the District Court's decisions, in light of (1) the non-testimonial nature of the ledgers, *see United States v. Mejia,* 545 F.3d 179, 198 (2d Cir.2008) ("[T]he Confrontation Clause of the Sixth Amendment prohibits the introduction into evidence of the out-of-court *testimonial* statements made by an absent witness unless that witness is unavailable and the defendant had a prior opportunity for cross-examination." (emphasis added)), and (2) Rule 801(d)(2)(E) of the Federal Rules of Evidence, pursuant to which, "[a] statement is not hearsay if . . . [it] is offered against a party and is . . . [made] by a co-conspirator of a party during the course and in furtherance of the conspiracy." Accordingly, the District Court did not err by admitting into evidence the drug ledgers or allowing a co-conspirator, who had written many of the statements in the drug ledgers, to testify as to their meaning.

■ We also see no merit in Ashraf's challenge to the sufficiency of the evidence in support of his conviction. The testimony of one of Ashraf's co-conspirators and the drug ledger constitute sufficient evidence for the jury's verdict. *See United States v. Chavez,* 549 F.3d 119, 124 (2d Cir.2008) ("[A] conviction must be upheld if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original))).

■ Turning to Ashraf's argument that he received ineffective assistance of counsel in the District Court, we reiterate our "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Williams,* 205 F.3d 23, 35 (2d Cir.2000). We therefore decline to review on direct appeal Ashraf's argument that his attorney was ineffective because of his failure to move to dismiss the indictment or to sever Ashraf's trial from that of his co-defendants. We have considered all of Ashraf's arguments on appeal, with the exception of his ineffective assistance of counsel claim, which we decline to reach on direct appeal. Because we find those claims that we have considered to be lacking in merit, we AFFIRM the judgment of the District Court.