09-3705-cr
USA v. Prisco

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of September, two thousand ten.

Present:
ROBERT A. KATZMANN,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                      No. 09-3705-cr

ANGELO PRISCO,

*Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | ROGER L. STAVIS, Gallet Dreyer & Berkey, LLP, New York, NY |
| For Appellee: | ELIE HONIG, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New, York, NY |

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Angelo Prisco appeals from a judgment of conviction entered on August 20, 2009, following a jury trial on a nine-count superseding indictment, S2 08 Cr. 885 (NRB), for racketeering conspiracy, the substantive racketeering offense (and specific racketeering acts), conspiracy to commit home invasion robberies, possession of firearms in the furtherance of the robberies, extortion conspiracy, substantive extortion, interstate transportation of stolen property, and the operation of an illegal gambling business. On appeal, Prisco argues that: (1) a previous plea agreement in the District of New Jersey should have precluded the prosecution of certain charges in the Southern District of New York that were "covered" under the District of New Jersey plea agreement; (2) the district court erred in declining to suppress the defendant's statements to a jailhouse informant and in declining to hold an evidentiary hearing thereon; and (3) the district court violated the defendant's right to confrontation in admitting an expert report by a medical examiner who had not performed the autopsy of the murder victim. We assume the parties' familiarity with the facts and procedural history of the case.

On February 15, 2007, the defendant entered into a plea agreement in the District of New Jersey, which stated, in relevant part, that the "agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities." Though Prisco encourages this Court to turn a blind eye to this language, it is the law of this Circuit that a plea agreement in one U.S. Attorney's office does not, unless otherwise

2

stated, bind another. *See United States v. Annabi*, 771 F.2d 670, 672 (2d Cir. 1985) (per curiam) ("A plea agreement binds only the office of the United States Attorney for the district in which the plea is entered unless it affirmatively appears that the agreement contemplates a broader restriction."); *see also United States v. Salameh*, 152 F.3d 88, 120 (2d Cir. 1998) (per curiam) (stating that reference to the "the Government" in a plea agreement binds only the office in which the agreement was made unless "there [is] evidence to show that [a prosecutor] [i]s attempting to evade its own obligations . . . by transferring a prosecution to another office") (alterations in original) (internal quotation marks omitted). In the absence of any language in the New Jersey plea agreement to suggest otherwise, and with no compelling reason to infer any intent to the contrary, *see United States v. Russo*, 801 F.2d 624, 626 (2d Cir. 1986), we decline to extend the New Jersey plea agreement beyond its clearly stated terms.

The defendant also moved pursuant to *Massiah v. United States*, 377 U.S. 201 (1964), to suppress certain testimony by a jailhouse informant, Michael Sparfven, with whom Prisco had conversations about his offense conduct while incarcerated. In accordance with the holding in that case, it is undisputed that there is no Sixth Amendment violation of the right to counsel to the extent that none of Sparfven's notes written on or after September 17, 2008 (the date of the indictment) was admitted. Upon our review of Sparfven's notes, and in light of the fact that Prisco failed to raise any objection to the accuracy or authenticity of the notes or their dating, we are satisfied that the district court did not commit clear error in admitting notes taken before September 17, 2008. Accordingly, the district court also appropriately declined to hold an evidentiary hearing. *See Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009).

Finally, the defendant challenges the admission of the autopsy report of the murder victim, Angelo Sanguilo, pursuant to *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009).

3

We need not reach that question here because the admission of the report was harmless error in any event. The government's case against the defendant was very strong, and the minor factual discrepancies upon which the defendant seizes are readily reconcilable upon closer inspection of the record.

We have considered the defendant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK